Date Signed:
May 1, 2025



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Hawaii Stage and Lighting Rentals, Inc.,<br><br>    Debtor and<br>    debtor-in-possession.<br><br>89858 | Case No. 24-01132<br><br>(Chapter 11) (Subchapter V)<br><br>Confirmation Hearing<br>Dates:    April 21, 2025<br>Time:     2:00 p.m.<br>Judge:   Hon. Robert J. Faris<br><br>[Related to dkt. ## 74, 93, 99, 128-130] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
ORDER CONFIRMING SMALL BUSINESS DEBTOR'S
<u>PLAN OF REORGANIZATION</u>**

    The *First Amended Small Business Debtor's Plan of Reorganization* [ECF No. 67] as further supplemented, modified or amended by the Confirmation Order, together with all schedules and exhibits thereto (the "Plan"),[1] filed by Hawaii Stage and Lighting Rentals, Inc., the above-captioned debtor (the "Debtor"), came on for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

- 1 -

hearing April 21, 2025 (the "Confirmation Hearing"), before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii ("Court"). Appearances are noted in the record.

Having considered all the pleadings and evidence filed in support of confirmation, all the objections to confirmation of the Plan having been resolved as reflected in the Confirmation Order or otherwise overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Hawaii Stage and Lighting Rentals, Inc., is the debtor and debtor-in-possession in Case No. 24-01132, which was commenced with the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court on December 14, 2024 ("Chapter 11 Case").

2. On January 10, 2025, the Debtor filed an amended bankruptcy petition and elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code.

3. The Debtor is a "debtor" within the meaning of section 1182(1) of the Bankruptcy Code.

4. On March 14, 2025, the Debtor filed its *Small Business Debtor's Plan of Reorganization* (the "Initial Plan"). *See* dkt. # 74.

5. On March 17, 2025, the Debtor filed an *Ex Parte Motion for Entry of Order Scheduling a Hearing on Plan Confirmation and Setting Deadlines*. *See* dkt. # 76.

6. On March 19, 2025, the Court entered an *Order Scheduling a Hearing on Plan Confirmation and Setting Deadlines* and scheduling, among other dates, a confirmation hearing for April 21, 2025 (the "Solicitation Order"). *See* dkt. # 79.

7. The following items were transmitted to creditors and parties in interest: (a) the Initial Plan, (b) the notice of the Confirmation Hearing, and (c) a ballot (if applicable) to the appropriate parties by the Debtor before the deadline set by the Court of March 24, 2025, as reflected on the Certificate of Service filed on the docket for this Chapter 11 Case. *See* dkt. # 92. Said service was adequate and proper as provided by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and no other or further notice is or shall be required.

8. On April 4, 2025, the Debtor amended the Initial Plan to add a new Class 4A to address the secured claim of Huntington National Bank, and to modify the treatment of priority taxes to add the State of Hawaii which filed a proof of claim for $16,785 on March 18, 2025, four days *after* the Initial Plan was filed. *See* dkt. # 99.

9. Because the Plan did not adversely change the treatment of any class of creditors or Equity Interests in the Initial Plan, the Court finds that re-

U.S. Bankruptcy Court - Hawaii   #24-01132   Dkt # 141   Filed 05/01/25   Page 3 of 19

solicitation of the Plan is not required.

10. On March 25, 2025, the Department of Taxation for the State of Hawaii filed an objection to the Plan. *See* dkt. # 88. This objection was subsequently withdrawn. *See* dkt. #124.

11. On March 31, 2025, the United States Trustee filed the *United States Trustee's Statement Regarding Debtor's Small Business Plan of Reorganization* (the "UST Statement"). *See* dkt. # 93.

12. On April 4, 2025, the Debtor filed its *Emergency Motion for Order Authorizing Debtor to Obtain Postpetition Indebtedness* (the "DIP Motion") seeking to borrow $350,000 from its parent, Hawaii Holding and Investments, LLC ("HHI"). *See* dkt. # 101.

13. On April 7, 2025, Kevin Lam, the Subchapter V Trustee for the Debtor, submitted his *Subchapter V Trustee's Statement Regarding Plan* recommending confirmation of the Plan so long as HHI confirms it is willing to provide ongoing funding support. *See* dkt. # 117.

14. On April 9, 2025, the Court entered an order authorizing the DIP Motion on an interim basis and authorized the Debtor to borrow $50,000 from HHI on an administrative priority basis. *See* dkt. #118.

15. On April 14, 2025, the Debtor filed its: (1) *Confirmation Brief Small Business Debtor's Plan of Reorganization*; (2) the *Declaration of Joseph Kuhio*

- 4 -

*Lewis in Support of Confirmation of Small Business Debtor's Plan of Reorganization* (the "Lewis Declaration"); and (3) the *Declaration of Allison A. Ito Regarding Tabulation of Ballots and in support of Confirmation of [the Plan]* (the "Ballot Tabulation"). *See* dkt. ## 128-130.

16. This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

17. To the extent not resolved pursuant to the Confirmation Order or withdrawn, all objections to the confirmation of the Plan are overruled in all respects as set forth herein.

**Bankruptcy Code Requirements for Confirmation and Classification**

18. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence and has done so as set forth herein.

19. The Plan provides that Administrative Claims will be paid in full, on the later of the Effective Date of the Plan or (if applicable) the date such Administrative Claims are allowed by the Bankruptcy Court.

U.S. Bankruptcy Court - Hawaii   #24-01132   Dkt # 141   Filed  05/01/25   Page 5 of 19

20. The Plan designates <u>seven</u> (7) Classes of Claims and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

21. The Plan specifies that Classes 2, 4, 5, and 7 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

22. The Plan designates that Classes 1 (First Hawaiian Bank ("FHB")), 3 (HHI), 4A (Huntington Bank), and 6 (general unsecured class) are impaired, and specifies the treatment of Claims in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

23. Votes to accept and reject the Plan have been solicited from Creditors holding Claims in Classes 1 (FHB), 3 (HHI), 4A (Huntington Bank), and 6 (general unsecured class). Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and bankruptcy practices.

24. As set forth in the Ballot Tabulation, Classes 3, 4A and 6 have voted to accept the Plan, pursuant to Section 1126(c) of the Bankruptcy Code.

25. At the Confirmation Hearing, counsel for FHB confirmed that FHB accepted its treatment under the Plan.

## Treatment of Claims

26. The Holders of the Allowed (i) FHB Secured Claim (Class 1), (ii) SBA Secured Claim (Class 2), (iii) HHI Secured Claim (Class 3), (iv) Midland States Bank Secured Claim (Class 4), (v) Huntington National Bank Secured Claim (Class 4A), and (vi) Employee Priority Claims (Class 5) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims. The treatment of these Classes is fair and equitable and does not unfairly discriminate against said Classes.

27. The Holders of the Allowed General Unsecured Claims (Class 6) voted to accept the Plan. The treatment of Class 6 is fair and equitable and does not unfairly discriminate against said Class.

## Equity Interests

28. The Holders of Allowed Equity Interests in Class 7 will retain their Equity Interests under the Plan.

29. The Plan provides for the same treatment of each Claim or Equity Interest in each respective Class, unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

30. The Plan provides for adequate and proper means for its implementation through the proceeds of a secured loan from HHI in the approximate amount of $350,000. *See* dkt # 99 at § 2.5. The provisions governing the making of distributions and payments, the distribution procedures, mechanisms and proposed allocations are necessary, fair, reasonable and appropriate. This Court's approval of the DIP Motion on a final basis provides assurance that the Debtor will have sufficient cash available to implement the Plan.

31. The Debtor has demonstrated adequate assurance of future performance with respect to any assumed executory contracts and leases pursuant to Bankruptcy Code section 365. No party to an executory contract has objected to the Plan or the assumption of any executory contract.

32. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

33. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

34. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

35. This Court has jurisdiction over this Chapter 11 Case, pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant

to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction over all of the Debtor's assets and to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

## Confirmation Requirements

### Consensual Plan: Section 1191(a) and Section 1129(a)

36. Because the four impaired classes (Classes 1 (FHB), 3 (HHI), 4A (Huntington National Bank), and 6 (general unsecured creditors)) voted to accept the Plan, it may be confirmed as a "consensual plan" within the meaning of Section 1191(a) provided all the requirements of Section 1129(a), other than 1129(a)(15), are met.

37. The Plan satisfies the requirements for confirmation set forth in sections 1129, 1190 and 1191 of the Bankruptcy Code.

### Section 1129(a)(1)

38. The Plan complies with the applicable provisions of the Bankruptcy Code, as set forth below, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

   (a) The Plan properly places substantially similar Claims and Equity Interests in each Class and designates such Classes of Claims and Equity

- 9 -

Interests as impaired or unimpaired, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

   (b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code;

   (c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3) of the Bankruptcy Code;

   (d) The Plan provides for the same treatment for each Claim or Equity Interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4) of the Bankruptcy Code;

   (e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5) of the Bankruptcy Code;

   (f) Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtor or the Plan;

   (g) The Debtor has disclosed the identity of the post-confirmation management for the Reorganized Debtor, consistent with the interests of Creditors, Holders of Equity Interests, and public policy in accordance with section 1123(a)(7) of the Bankruptcy Code;

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the Debtor as proponent, thereby satisfying Bankruptcy Rule 3016(a).

### Section 1129(a)(2)

39. The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court; and

(c) The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, and related documents and notices.

### Section 1129(a)(3)

40. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Plan was proposed with the legitimate and honest purpose of maximizing the

value of the Debtor's Estate, to satisfy substantial obligations of the Debtor, and to effectuate a successful reorganization of the Debtor. The good faith of the Debtor is evident from the facts and records of this case, the Plan, the record of the Confirmation Hearing and other proceedings held in this case.

### Section 1129(a)(4)

41. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

### Section 1129(a)(5)

42. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity of the individuals who will serve as the post-confirmation management of the Reorganized Debtor as of the Effective Date has been fully disclosed. The appointment to, or continuation in, such offices of such person is consistent with the interests of Holders of Claims against, and Equity Interests in, the Debtor and with public policy. The identity of any Insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such Insider's compensation have also been fully disclosed.

### Section 1129(a)(6)

43. Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

### Section 1129(a)(7)

44. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis annexed as Exhibit C to the Plan: (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that each Holder of a Claim or Equity Interest in an impaired Class that has either: (i) accepted the Plan, (ii) not opposed confirmation of the Plan, or (iii) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

### Section 1129(a)(8)

45. Creditors with Allowed Claims in Classes 2, 4, and 5 and Holders of Equity Interests in Class 7, respectively, are unimpaired and, therefore, conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. FHB (Class 1), HHI Claim (Class 3), Huntington National Bank Claim (Class 4A), and General Unsecured Creditors (Class 6) are impaired and entitled to vote on the Plan. As detailed in the Ballot Tabulation, Class 3, 4A and 6 voted in favor of the Plan, and at the Confirmation Hearing, counsel for FHB confirmed that FHB

accepted its treatment under the Plan. Accordingly, the requirements of Section 1129(a)(8) of the Bankruptcy Code are either not applicable to a debtor in a Subchapter V proceeding, or have been satisfied.

### Section 1129(a)(9)

1. The treatment of the Administrative Claims and Priority Tax Claims under the Plan, as may be modified in accordance with the provisions of the Confirmation Order, satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Section 1129(a)(10)

2. Section 1129(a)(10) requires that at least one class of claims that is impaired under the plan has voted to accept the plan, determined without including any acceptance of the plan by any insider. 11 U.S.C. § 1129(a)(10). As set forth in the Ballot Tabulation, Classes 4A and 6 voted to accept the Plan, without including any acceptances by HHI, an insider. Therefore, Section 1129(a)(10) is satisfied.

### Section 1129(a)(11)

3. The evidence proffered, adduced, or presented in support of the confirmation of the Plan, including the Lewis Declaration (confirming that HHI would, if necessary, provide additional financial support to the Debtor): (a) is persuasive and credible, (b) is feasible, and (c) establishes that confirmation and consummation of the Plan is not likely to be followed by the liquidation, or the need

- 14 -

U.S. Bankruptcy Court - Hawaii    #24-01132    Dkt # 141    Filed 05/01/25    Page 14 of 19

for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

4. In order to satisfy section 1129(a)(11) of the Bankruptcy Code, the Debtor need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the Debtor need only show that the Plan offers a reasonable assurance of success. The Plan projections show that Reorganized Debtor will have adequate capital and net operating income to meet its ongoing obligations.

## Section 1129(a)(12)

5. Before the Debtor amended its petition to elect to proceed under Subchapter V, the Debtor was required to pay fees payable under section 1930 of title 28 of the United States Code. All quarterly fees due and payable to the Office of the United States Trustee pursuant to section 1930(a)(6) of title 28 of the United States Code shall be duly paid in full on or before the Effective Date, as required by section 1129(a)(12) of the Bankruptcy Code.

6. During the period that the Debtor proceeded under Subchapter V, the Debtor is not required to pay fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code.

## Section 1129(a)(13)

7. Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to

provide for the continuation of payment of all "retiree benefits" does not apply to this Debtor.

### Other Matters

8.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency, with standing, to raise an objection, has, in fact, raised any such objection pursuant to Bankruptcy Code section 1129(d), or sought to deny confirmation of the Plan on the ground that the principal purpose of the Plan is the avoidance of taxes. Thus, there is strong evidence that the principal purpose of the Plan is not tax avoidance.

9.  Based on the record before the Court in this Chapter 11 Case, the Debtor and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

10. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

11. The Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of any Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code section 365. All conditions under Bankruptcy code section 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

12. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article 6.4 of the Plan and Bankruptcy Code section 1142. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

13. Pursuant to Bankruptcy Code section 1146(c): (a) any issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

14. In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan, if any, are proper, fair, equitable, and reasonable and in the best interests of the Debtor, the Estate, and all Holders of Claims.

15. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

16. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:


/s/ Neil J. Verbrugge
Neil J. Verbrugge, Esq.
Counsel for Office of U.S. Trustee

Submitted by:

CHOI & ITO,
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107

U.S. Bankruptcy Court - Hawaii   #24-01132   Dkt # 141   Filed  05/01/25   Page 18 of 19

Honolulu, Hawaii 96813
Tel: (808) 533-1877
Fax: (808) 566-6900
E-mail: cchoi@hibklaw.com
       aito@hibklaw.com

Attorneys for Debtor and Debtor-in-Possession